Debbie P. Kirkpatrick, Esq. (SBN 207112)
James K. Schultz, Esq. (SBN 309945)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions.legal
jschultz@sessions.legal

Attorney for Ceteris Portfolio Services, LLC, d/b/a SRA Associates

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY KOCHLANI,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>SRA ASSOCIATES, LLC, DOES 1-10, INCLUSIVE;<br><br>　　　　　Defendant. | Case No.: 2:20-cv-05382-PSG-AGR<br><br>DEFENDANT, CETERIS PORTFOLIO SERVICES, LLC dba SRA ASSOCIATES' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES |

Defendant, Ceteris Portfolio Services, LLC d/b/a SRA Associates[1] (hereinafter "SRA"), by and through undersigned counsel, responds to the Complaint filed by Plaintiff, Guy Kochlani, as follows:

---

[1] Ceteris Portfolio Services, LLC acquired the assets of SRA Associates, LLC through an asset foreclosure and does business as SRA Associates.

## I.   INTRODUCTION

1.   SRA admits that plaintiff purports to bring this action for alleged violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), but denies any violations, wrongdoing or liability to the extent alleged in ¶ 1.

## II.   PARTIES

2.   SRA denies the allegations in ¶ 2 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

3.   SRA admits that it engages in the collection of debt and that when it acts as a debt collector as defined by the FDCPA and RFDCPA, its actions may be subject to regulation pursuant to the statutes.  Except as specifically admitted, SRA denies the allegations in ¶ 3 as calling for a legal conclusion.

## III.   FACTUAL ALLEGATIONS

4.   SRA admits that its records reflect that it contacted plaintiff in a lawful attempt to collect a debt.  Except as specifically admitted, SRA denies the allegations in ¶ 4.

5.   SRA denies the allegations in ¶ 5.

6.   SRA denies the allegations in ¶ 6.

7.   SRA denies the allegations in ¶ 7.

8. SRA denies the allegations in ¶ 8.

9. SRA denies the allegations in ¶ 9 as calling for a legal conclusion.

10. SRA denies the allegations in ¶ 10 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

11. SRA denies the allegations in ¶ 11 for lack of sufficient information to justify a reasonable belief therein.

12. Section 1788.17 of the RFDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

13. SRA denies the allegations in ¶ 13, including subparts (a) through (e).

14. SRA denies the allegations in ¶ 14 and its subpart (a).

15. SRA denies the allegations in ¶ 15.

## COUNT I

16. In response to ¶ 16, SRA incorporates its responses in all preceding paragraphs as though fully set forth herein.

17. SRA denies the allegations in ¶ 17.

## COUNT II

18. In response to ¶ 18, SRA incorporates its responses in all preceding paragraphs as though fully set forth herein.

19. SRA denies the allegations in ¶ 19.

20. SRA denies the allegations in ¶ 20.

21. SRA denies the allegations in ¶ 21.

22. SRA denies the allegations in ¶ 22.

23. SRA denies the allegations in ¶ 23.

## PRAYER FOR RELIEF

SRA denies that plaintiff is entitled to the relief sought, including its subparts (A) through (G).

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

24. SRA denies that plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

SRA alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

SRA alleges, pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

## THIRD AFFIRMATIVE DEFENSE

SRA alleges Plaintiff consented to and/or invited the conduct for which he

...

seeks relief.

### FOURTH AFFIRMATIVE DEFENSE

SRA alleges Plaintiff knowingly and voluntarily waived his rights to obtain any or all of the relief sought in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Assuming Plaintiff has suffered any injury as the result of conduct by SRA, which is expressly denied, Plaintiff has failed to mitigate his damages, and to the extent of such failure to mitigate, damages awarded to Plaintiff, if any, should be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

SRA did not call plaintiff with an automatic telephone dialing system as defined by the TCPA.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff consented and authorized calls to the phone number in question for the account that SRA was working.

### EIGHTH AFFIRMATIVE DEFENSE

SRA denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of SRA's purported violations.

WHEREFORE, SRA respectfully requests that:

1.     Plaintiff take nothing by way of his Complaint;

2. Judgment of dismissal be entered in favor of SRA;

3. SRA be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. SRA be granted such other and further relief as the Court deems just and proper.

Dated: 6/23/20                     SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Debbie P. Kirkpatrick*
Debbie P. Kirkpatrick
Attorney for Defendant
Ceteris Portfolio Services, LLC
dba SRA Associates